# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17-cr-00190-TWP-TAB-2 |
| DAVID QUINTANA, | ) ) ) |
| Defendant. | ) |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on Defendant David Quintana's ("Quintana"), *pro se*, Notice, in which he moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c). (Dkt. 171.) Also pending are two Motions to Appoint Counsel. (Dkts. 192 and 194.) Quintana challenges his sentence based upon *Hughes v United States*, 138 S. Ct. 1765 (2018) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). For the reasons stated below, the Motions are **denied**.

## I. BACKGROUND

On September 13, 2017, Quintana was indicted on charges of Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and 846 (Count One); Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 843(b) (Count Four); Attempted Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count Seven); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Nine). (Dkt. 28.) On July 20, 2018, he entered a plea of guilty to Count One, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The parties did not agree on a specific sentence, however, the Government agreed

that following the imposition of sentence, it would move for dismissal of the remaining counts. The parties stipulated and agreed that the base offense level was 32 pursuant to U.S.S.G. § 2D1.1(a)(5), (c)(4); the offense level increased by two levels, because a dangerous weapon was possessed in connection with the offense pursuant to U.S.S.G. 2D1.1(b)(1). The parties were free to argue the applicability of the two level, "stash house" enhancement in U.S.S.G. § 2D1.1(b)(12). If Quintana continued to accept responsibility, the Government agreed to request a three-level reduction. *See* U.S.S.G. § 3E1.1. The total offense level, assuming a three-level reduction for acceptance of responsibility would be either 33 (with stash-house enhancement) or 31 (without stash-house enhancement). The plea agreement also contained an appeal waiver provision in which Quintana agreed not to contest, or seek to modify, his conviction or sentence or the manner in which either was determined in any later legal proceeding, including an action brought under 18 U.S.C. § 3582, unless the U.S.S.G. and/or Congress in the future amends the Sentencing Guidelines to lower the guideline range that pertains to his offense and explicitly makes such an amendment retroactive. (Dkt. 113 at 12, ¶ 23.)

Using the 2016 Sentencing Guideline Manual, the Court determined that Quintana's base offense level was 32. The Court applied both the two-level increase because a firearm was possessed in connection with the offense and for maintaining a premises for the purpose of distributing a controlled substance (the stash-house enhancement). Quintana received the three-level reduction for acceptance of responsibility. His offense level was 33 and criminal history category was II, resulting in an advisory guideline range of 151 to 188 months' imprisonment. On July 20, 2018, this Court accepted Quintana's plea, and sentenced him to a term of 151 months' imprisonment. (Dkt. 151, 155.) On December 18, 2018, Quintana filed a motion under § 3582

to reduce his sentence. (Dkt. 171.) He argues that he is entitled to a sentence reduction based upon *Hughes* and Amendment 782, which reduced the base offense level by two levels for most drug offenses. He asks the Court to reduce his sentence from 151 months to 125 months imprisonment.

## II. LEGAL STANDARD

Title 18, U.S.C. § 3582(c)(2), permits a court to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." (Emphasis added.) "Eligibility depends on whether the sentence . . . is actually 'based on' an amended Guideline range." *United States v. Jehan*, 876 F.3d 891, 893 (7th Cir. 2017) (quoting § 3582(c)(2)). "For a sentence to be 'based on' a lowered Guideline range, the range must have at least played a 'relevant part [in] the framework the [sentencing] judge used' in imposing the sentence." *Koons v. United States,* 138 S. Ct. 1783, 1788 (2018)(quoting *Hughes v. United States*, 138 S. Ct. 1765, 1778 (2018).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations and quotation marks omitted).

## III. DISCUSSION

The Court will first address the Motion for Reduction of Sentence before turning to the requests for appointment of counsel.

**A.** **Motion to Reduce Sentence (Dkt. 171).**

The Government argues that Quintana's Motion fails for two reasons. First, they contend that Quintana explicitly waived his ability to seek a sentence reduction under 18 U.S.C. § 3582.

Second, they argue that Quintana's sentence already incorporates Amendment 782 to the U.S.S.G., accordingly no additional reduction is warranted.

Generally speaking, appeal waivers are enforceable and preclude appellate review. *United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016). The waiver in Quintana's plea agreement states as follows:

> The defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.

Dkt. 113 at 12. In his Motion, Quintana specifically asks the Court to reduce his sentence based on his belief that the sentencing range under the guidelines has been reduced and that reduction is retroactive. Because he seeks a reduction on the basis that the guideline ranges that pertain to the offense upon which he entered a plea of guilty has been reduced, the waiver does not apply. The Court finds that the terms of the plea agreement do not prevent Quintana from filing a motion to reduce sentence under § 3582(c)(2) and the Court will address his motion on the merits.

Quintana relies upon Amendment 782 to the guidelines as the basis for his sentence reduction.[1] Amendment 782 retroactively reduced the sentencing guidelines by two levels for all controlled substances offenses. Accordingly, federal defendants who are sentenced on November 1, 2014, are likely eligible for the benefit of the Amendment 783 reduction.

---

[1] Quintana also relies on *Hughes v. United States,* 138 S. Ct. 1765 (2018) as a basis for his sentence reduction, however the ruling is *Hughes* is distinct because *Hughes* addresses a Rule 11(c)(1)(C) plea agreement, and Quintana has a Rule 11(c)(1)(B) plea agreement.

The Government argues that the sentence imposed by the Court in this case incorporates Amendment 782 to the guidelines, and Quintana's guideline range has not changed since he was sentenced. They explain that under § 3582(c)(2), a sentence may be reduced only when a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Moreover, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *See Dillon v. United States*, 560 U.S. 817, 827 (2010).

The Court agrees that Quintana's guideline sentencing range has not changed since he was sentenced. The 2016 United States Sentencing Guidelines Manual, which incorporated Amendment 782, was used by the presentence report preparer and the Court, when Quintana's offense level was determined. (*See* Dkt. 142 at 7, ¶ 19.) Quintana was held accountable for at least 3,000 kilograms but less than 10,000 kilograms of marijuana equivalency. (*Id*., ¶ 21.) Prior to the 2014 U.S.S.G. revisions, the base offense level for at least 3,000 kilograms but less than 10,000 kilograms of marijuana equivalency was a level of 34. Following the 2014 revisions, pursuant to Amendment 782, the base offense level for at 3,000 kilograms but less than 10,000 kilograms of marijuana equivalency was reduced to 32 levels. *Id*.; U.S.S.G. § 2D1.1(c)(4). In his plea agreement, Quintana stipulated, and the Court agreed that the base offense level was 32. Consequently, Quintana's sentence already reflects a two-level reduction because the 2016 United States Sentencing Guidelines Manual, which incorporated Amendment 782, was used to determine Quintana's offense level. Because Quintana was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission he is ineligible to seek a sentence reduction and his motion for reduction of sentence must be **denied**.

B.  **Appointment of Counsel (Dkts.192 and 194).**

A court may but is not required to appoint counsel in a § 3582 proceeding.  A motion under § 3582(c)(2) does not trigger the procedural protections that would apply at a sentencing hearing.  *United States v. Young,* 555 F.3d 611, 614-15 (7th Cir.2009); *United States v. Tidwell,* 178 F.3d 946, 949 (7th Cir.1999).   There is no right to counsel in a § 3582(c)(2) proceeding, and the decision whether to appoint counsel is left to the district court's discretion.  *U.S. v. Johnson* 580 F.3d 567, 569 (7th Circuit 2009), *United States v. Forman,* 553 F.3d 585, 590 (7th Cir.2009); *Tidwell* 178 F.3d at 949. See also *United States v. Legree,* 205 F.3d 724, 730 (4th Cir.2000); *United States v. Townsend,* 98 F.3d 510, 512–13 (9th Cir.1996); *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir.1995); *United States v. Reddick,* 53 F.3d 462, 463–65 (2d Cir.1995).

In this case, Quintana did not ask that counsel be appointed when he filed his *pro so* motion on December 18, 2018.  Rather, he first sought CJA counsel on June 17, 2019 ( Dkt. 192) and again on June 27, 2019 (Dkt. 194), following dismissal of his appeal which was filed untimely. The *pro se* motion to reduce sentence filed by Quintana is well drafted and his claims are clear and succinct. *See* Dkt. 171. Moreover, the issues raised in his § 3582 motion are not complex. Quintana noted in the Standard of Review section of the motion that his *pro se* motion should be liberally construed.   He explained "if this court can reasonably read this pleading to state a valid claim this Honorable Court should grant this action despite any failure to cite proper legal authority, confusion or legal theories or poor syntax. *Haines vs. Kerner*, 404, U.S. 519-20 (1977)." Dkt. 171 at 3.  The Court was able to easily discern the claims and Quintana's Motion has been liberally construed.  Unfortunately for Quintana, the law on a § 3582 reduction of sentence is not in Quintana's favor and appointment of counsel at this late stage would be futile.

The Court, in its discretion, declines to appoint counsel. Accordingly, the Motions for Appointment of Counsel (Dkts. 192 and 194) are **denied**

## IV. <u>CONCLUSION</u>

For the reasons stated above, Defendant David Quintana's *pro se* Notice (Dkt. 171), in which he moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c) is **DENIED**. In addition, his two Motions to Appoint Counsel (Dkts.192 and 194) are **DENIED**.

SO ORDERED.

Date: 7/11/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Quintana, #15904-028
FCI Elkton Low
P.O. Box 10
Lisbon, Ohio 44432

Kendra Klump
UNITED STATES ATTORNEY'S OFFICE
kendra.klump@usdoj.gov

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE
jeffrey.preston@usdoj.gov