UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-cr-190-TWP-TAB |
| | ) | |
| DAVID QUINTANA, | ) | - 02 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On October 15, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 20, 2026. Defendant Quintana appeared in person with his appointed counsel Mitchell Swedarsky. The government appeared by Peter Blackett, Assistant United States Attorney. U.S. Parole and Probation appeared by Officer Brenton Lockett.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Quintana of his rights and ensured he had a copy of the Petition. Defendant Quitana orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Quintana admitted Violation No. 1 of the Petition. [Dkt. 264.]

3. The allegations of Violation No. 1, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **“"You must not commit another federal , state, or local crime."** |
| | On July 14, 2026, Mr. Quintana was arrested for Ct. 1-2: Domestic Battery Resulting in Bodily Injury to a Pregnant Woman, felony; Ct. 3: Domestic Battery, felony; Ct. 4: Battery Resulting in Bodily Injury, misdemeanor; Ct. 5: Interference with the Reporting of a Crime, misdemeanor. He was charged in Marion County Superior Court 29, under case number 49D29-2607-F5-021807. Quintana has not posted bond and scheduled for an Initial Hearing on July 20, 2026. |

4. The parties agreed that the five counts originally charged were dismissed and a new Count 6 of invasion of privacy, a class A misdemeanor, was added to Defendant's charges in Case No. 49D29-2607-F5-021807. Defendant admitted that he plead guilty to Count 6, a class A misdemeanor.

5. The Court finds that:

(a) The highest grade of violation is a Grade C violation.

(b) Defendant’s criminal history category is II.

(c) The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months’ imprisonment.

6. The parties jointly agreed that Defendant's current conditions of supervised release be modified by the addition of two additional conditions of supervision as follows:

15. Defendant shall be monitored by stand alone GPS monitoring for a period of 120 days, to commence as soon as practical, and shall abide by all technology requirements; and

16. Defendant shall have no contact with Kristina Scott.

The Magistrate Judge, having considered the relevant factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the

Defendant violated the conditions set forth in the Petition, and recommends that Defendant's supervised release be **modified** by the addition of the following two additional conditions of supervision:

15. Defendant shall be monitored by GPS monitoring for a period of 120 days, to commence as soon as practical, and shall abide by all technology requirements; and

16. Defendant shall have no contact with Kristina Scott.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties have fourteen days from the service of this order to file any objections to this Report and Recommendation.

Dated: 15 OCT 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system